## In re LANGE.
### No. 38171–M.

District Court, S. D. California,
Central Division.

Feb. 11, 1943.

Allan J. Carter, of Pomona, Cal., for farmer-debtor.

Edmund Nelson and Daniel I. Schnabel, both of Los Angeles, Cal., for Bank of America Nat. Trust & Sav. Ass'n.

McCORMICK, District Judge.

This is a review of two orders of the conciliation commissioner. The first, dated January 10, 1942, approved the appraisal of the debtor's property, set aside his exemptions, enjoined various judicial proceedings and fixed the rental of the farm lands occupied and operated by the bankrupt at twenty per cent of the gross annual income derived therefrom. The second order, dated September 12, 1942, denied a petition of the Bank of America National Trust and Savings Association, petitioner on review, of proceeds from fruits harvested upon the debtor's property between the date on which the farmer-debtor instituted his proceedings under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and the date upon which the debtor was adjudicated a bankrupt under subsection s of said Section 75.

From the findings of fact of the conciliation commissioner and the record before us it appears that the debtor's secured obligations owing to petitioner on review consists of two groups of items: $7464.50, representing the principal and interest on a $6000 note secured by a deed of trust on the debtor's real property, and $582.18, representing the balance due on a $1680 note secured by a mortgage of crops and chattels dated February 16, 1940. This latter instrument purported to create a lien upon all crops grown or thereafter to be grown on the realty secured by the trust deed, but was specifically limited to secure a sum not in excess of $3500.

The farmer-debtor unable to meet these and other financial obligations as they matured, sought a composition or extension of time within which to pay his debts by fil-

ing his petition under subsections a to r of Section 75 of the Bankruptcy Act on March 20, 1941. The debtor, being unable to obtain the acceptance of a majority in number and amount of all creditors whose claims were affected by his proposed plan of composition or extension, on August 12, 1941, filed his amended petition under subsection s of Section 75 of said Act and on the following day was duly adjudged bankrupt. Thereafter the commissioner made the orders of January 10, 1942, and September 12, 1942 here under review.

It is necessary to consider and administer rights of lien claimants in conformity with Congressional objectives which have been written into the Bankruptcy Act exclusively for the economic rehabilitation and relief of financially distressed farmers, and in such matters whenever, as here, the exigencies so require, local interpretations respecting lien realizations must yield to National Bankruptcy Administration. See In re Borchert et al., D.C., 47 F.Supp. 387. If the farmer-debtor's only source of earning is a mortgaged crop upon the land being administered, resort must then be had to crop proceeds for the payment of statutory rental orders to make possible the operation of the remedial law. Such is the effect of the commissioner's order dated January 10, 1942.

Nor does it appear that the commissioner is in error in entering his order of September 12, 1942, denying petitioner on review proceeds from fruits harvested between the date on which the debtor instituted his proceedings herein and the date upon which the debtor was adjudicated a bankrupt under subsection s of Section 75 of the Bankruptcy Act. It has been stipulated by respective counsel herein that the commissioner received funds totaling $353.-38, primarily from the proceeds of an orange crop grown upon the debtor's land during the 1941 season, and that from this amount the commissioner has expended the sum of $281.68 for various items of expense used in the care and maintenance of the debtor's citrus grove. It is now settled in proceedings under sections a to r that it is lawful to use crop proceeds for upkeep and maintenance of farm property which is encumbered by a deed of trust and a continuing crop mortgage. Adair v. Bank of America, etc., 303 U.S. 350, 58 S.Ct. 594, 82 L.Ed. 889. The stipulation on file states that a portion of work in question was done upon the debtor's property subsequent to the date of adjudication in bankruptcy. It also further appears from the stipulation that notwithstanding the period of time when some of the work was performed, all of the work was ordered while the debtor was under subdivisions a to r of Section 75 of the Act, and it all, therefore, constitutes an item properly chargeable to the fund in question.

There now remains with the commissioner an unexpended balance of $61.70 from the proceeds of the 1941 fruit crop grown upon the bankrupt's encumbered premises. The reviewing petitioner constitutes the sole secured creditor herein, and we think that the commissioner's order of September 12, 1942, should be modified by awarding such sum of $61.70 to Bank of America National Trust and Savings Association, and it is so ordered.

The conciliation commissioner's findings of fact, conclusions of law, and orders of January 10, 1942, and September 12, 1942, except as the latter is herein modified, are adopted and confirmed by this court. Exceptions allowed petitioner on review.